5 U.S. 238 (____)
1 Cranch 238
GABRIEL WOOD, ORIGINAL DEFENDANT,
v.
WILLIAM OWINGS AND JOB SMITH, ASSIGNEES OF WILLIAM ROBB, A BANKRUPT, ORIGINAL PLAINTIFF.
Supreme Court of United States.

*240 Martin, for the plaintiff in error.
Harper, contra.
*247 *CHASE, J.
The effect of an acknowledgment is to * 248 prevent the grantor from pleading non est factum.
Harper. By the law of England acknowledgment is not necessary. By the law of Maryland it is a necessary part of the conveyance, and can no more be dispensed with than the signing, sealing and delivery. Having signed and sealed, the grantor may refuse to deliver; so, having signed, sealed and delivered, he may refuse to acknowledge, and in either case it is no deed. The deed, therefore, was not made till the 14th of June.
Martin, in reply.
Acknowledgment is absolutely necessary in England, before enrolment. Viner, tit. Enrolment, p. 443. "No *248 deed, &c. can be enrolled, unless duly and lawfully acknowledged, cites Co. Litt. 225. b." The acknowledgment is the warrant for the enrolment. An acknowledgment in Maryland has no greater effect than in England.
There was an enrolment at common law, for safe custody, it makes an estoppel, and the party cannot plead non est factum. Per Holt, Ch. J. Comb. 248. Smart v. Williams, cited in Viner, tit. Enrolment, p. 444. And in p. 445. it is said, "Enrolment of a deed is to no other purpose but that the party shall not deny it afterwards," and cites Br. Faits Enrol. pl. 4. And in Sav. 91. Holland v. Downes, cited in Viner, tit. Enrolment, p. 446, 447. it is said "the sealing and delivery is the force of such deeds, as deeds of bargain and sale, &c. and not the enrolment." And again, in the same case, "Bonds, indentures and deeds take their force by the delivery; so there is a perfect act before the conusance is taken, and before any enrolment. The enrolment could not be made upon proof by witnesses. The acknowledgment was the only authority.
Harper.
The enrolment is the act of the grantee. The acknowledgment is the last act of volition of the grantor. It is wholly voluntary; he may refuse; and if he does, the deed has no effect. In England, the acknowledgment *249 is *a regulation of the courts, not a provision of the statute of enrolments. That statute is different from the act of Maryland; the latter expressly requires the acknowledgment, and no estate passes at law without it. It therefore becomes as much a requisite of a deed as sealing or delivery. It is not only an absolute requisite that the deed should be acknowledged, but the courts of Maryland have been very strict in requiring it to be done precisely in the mode prescribed. In the case of Hall v. Gittings, decided in the court of appeals in Maryland, the case was, that the grantor resided in Anne Arundel county, but the deed described him as a resident of Baltimore county, where the lands were situated. The acknowledgment was made in Prince George's county. This acknowledgment was decided by the court of appeals not to be good, and the cause was lost upon that ground, although the deed was twenty-five *249 years old, and possession had been quietly enjoyed under it. The error was discovered by the court themselves, and had not been suggested by the counsel at the trial.
It has also been decided that the acknowledgment of a feme covert must be precisely in the form prescribed by the act.
This shows the great importance of acknowledgments in Maryland.
Martin, in reply.
The acknowledgment in England is not a regulation of the courts only, but is a principle of the common law relative to enrolment, which existed before the statute of enrolments. It was known, at the time of enacting that statute, that by the common law, an acknowledgment was a prerequisite to enrolment. It was not necessary, therefore, that it should be expressly prescribed by statute. Acknowledgment and enrolment was a proceeding well known and understood, and was not originated by the statute of 27 Hen. VIII. The statute only applies the process to new cases, or makes it necessary where before it was only voluntary.
As to the case of a feme covert, she could not, by the *common law, convey her land, except by fine and recovery. * 250 But the law of Maryland authorized her to do it in a certain mode. That mode must, therefore, be strictly pursued.
March 1st. The Chief Justice delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of the fourth circuit sitting at Baltimore, in the following case.
On the 30th of May, 1800, William Robb, who was then a merchant, carrying on trade and merchandise, in the state of Maryland, signed, sealed and delivered to Gabriel Wood, an instrument of writing, purporting to convey to the said Gabriel his real and personal estate, in trust, to secure him from certain notes and acceptances made by him, on account of the said Robb, and afterwards, in trust for other creditors in the deed mentioned. This deed was acknowledged on the 14th of June; and was then enrolled according to the laws of Maryland.
*250 On the 12th of July, 1800, a commission of bankruptcy was sued out, founded on the execution of the deed above mentioned, and the said William Robb being declared a bankrupt, his effects were assigned to William Owings and Job Smith, who brought this suit against Gabriel Wood, to recover the money received by him under the deed aforementioned.
Judgment was confessed by the defendant below, subject to the opinion of the court on case stated, of which the foregoing were the material facts.
The court gave judgment in favour of the assignees, to which judgment a writ of error was sued out by the present plaintiff.
The only question made by the counsel was, whether the deed stated in the case was an act of bankruptcy.
On the 4th of April, 1800, congress passed an act to establish a uniform system of bankruptcy throughout *251 *the United States, which declares, among other things, that any merchant who shall, after the first day of June next succeeding the passage of the act, with intent unlawfully to delay or defraud his creditors, make, or cause to be made, any fraudulent conveyance of his lands or chattels, shall be deemed and adjudged a bankrupt.
It was admitted, in the argument, that this deed, if executed after the 1st day of June, would have been an act of bankruptcy, but that being sealed and delivered on the 30th of May, it was not within the act, which only comprehends conveyances made after the 1st of June.
For the defendants in error it was contended, that, by the laws of Maryland, a deed is not complete until it is acknowledged, and therefore this conveyance was made on the 14th of June, when it was acknowledged; and not on the 30th of May, when it was sealed and delivered.
The Maryland act alluded to was passed in 1766, and declares, "that after the 1st day of May next, no estate of inheritance or freehold, or any declaration or limitation of use, or any estate for above seven years, shall pass or take effect, except the deed or conveyance, by which the same shall be intended to pass or take effect, shall be acknowledged in the provincial court, or before one of the justices thereof, in the county court, or before two justices of the same county *251 where the lands, tenements, or hereditaments, conveyed by such deed or conveyance do lie, and be also enrolled, &c. within six months after the date of such deed or conveyance."
The 5th section gives the conveyance, so acknowledged and enrolled, relation to the date thereof.
It is a well established doctrine of the common law, that a deed becomes complete when sealed and delivered. It then becomes the act of the person who has executed it, and whatever its operation may be, it is his deed. The very act of livery, which puts the paper into the possession of the party for whose benefit it is made, seems to require the construction that it has become a deed.
*The question now made to the court is, whether *252 the act of the legislature of Maryland has annexed other requisites to an instrument of writing conveying lands, without the performance of which not only the passing of the estate, intended to be conveyed, is arrested, but the instrument itself is prevented from becoming the deed of the person who has executed it.
Upon the most mature consideration of the subject, the opinion of the court is, that the words, used in the act of Maryland, which have been recited, consider the instrument as a deed, although inoperative till acknowledged and enrolled.
The words do not apply to the instrument, but to the estate that instrument is intended to convey.
Since, then, the bankrupt law of the United States does not affect deeds made prior to the 1st of June, 1800, and this deed was made on the 30th of May, 1800, the court is of opinion, that the rights vested by the deed (whatever they might be) are not devested in favour of the assignees of the bankrupt, and, therefore, that they ought not to have recovered in this case.
Judgment reversed, and judgment of non pros to be entered.